UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA STEPHENS,

                Plaintiff,                        **REPORT & RECOMMENDATION**
                                                                         23 CV 8310 (HG)(LB)

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

     Under the Social Security Act, claims for Social Security retirement or disability benefits may only be brought in federal court if the Commissioner of Social Security, through the Social Security Administration ("SSA"), first makes a final decision on the claim after a hearing. 42 U.S.C. §§ 405(g), (h). Often, plaintiffs file cases in federal court when the SSA has denied them benefits to which they believe they are entitled. That is not the case here.

     *Pro se* plaintiff Patricia Stephens brought this case because several of her social security retirement benefits checks had been lost or stolen. ECF No. 10 (Am. Compl.).[1] Plaintiff states "I do not want my benefits to stop. I want the Court to work out something for me to get my checks." ECF No. 30 at 1. And that is what the Court has done. "[T]he SSA properly determined [plaintiff's] benefits status and did everything legally required to ensure that [she] actually received and enjoyed the payments to which she was entitled." Dobson v. Comm'r of Soc. Sec., No. 10-CV-6167 (KPF), 2014 WL 1909363, at *8 (S.D.N.Y. May 12, 2014).[2]

     Defendant Commissioner of Social Security has agreed throughout this case that plaintiff is entitled to her retirement benefits and has made no final decision against her request to replace her missing checks. ECF No. 32-1 at 6. Indeed, thanks to the efforts of SSA representatives since

---

[1] Pursuant to Fed. R. Civ. P. 5.2(c), remote access to the parties' filings in this Social Security action is restricted to case participants only.
[2] The Clerk of Court is respectfully directed to mail plaintiff the attached copies of all unreported cases cited herein.

1

plaintiff filed her complaint, the SSA has disbursed funds to replace plaintiff's missing benefit checks and has enrolled plaintiff in the Direct Express debit card system to ensure that she receives her benefits going forward. ECF No. 59.[3]

Defendant accordingly moves to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted in federal court or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. ECF No. 32. The Honorable Hector Gonzalez referred defendant's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). ECF Order dated June 10, 2024. For the reasons discussed below, it is respectfully recommended that plaintiff's amended complaint should be dismissed for failure to state a claim.

## BACKGROUND

On November 7, 2023, plaintiff commenced this action against the Commissioner of Social Security. ECF No. 1. Plaintiff filed her original complaint using the Court's form complaint for actions seeking review of a final decision of the SSA regarding disability benefits. ECF No. 1. The form contains blank spaces for the plaintiff to write in dates when a hearing was held and a final decision was rendered. Plaintiff's complaint contains little detail beyond the form's boilerplate text. Plaintiff wrote that she "is not applying for disability" and that she has "no disability." ECF No. 1, ¶¶ 4-5. Plaintiff also stated that "there was no hearing" on her claim to the SSA, that "nothing [was] affirmed," and that "no letter arrived or [was] received" from the SSA.[4] Id. ¶¶ 7-8. Plaintiff attached

---

[3] Specifically, the SSA assigned a Field Office Operations Supervisor at the Boro Hall Field Office to serve as plaintiff's point of contact, who met with plaintiff numerous times. ECF No. 59. Although plaintiff had initially declined to enroll in the "Direct Express" program where benefits are issued to recipients via pre-paid debit cards, ECF No. 50 at 2, that is how she receives her benefits now. ECF No. 59.

[4] In the space on the form where plaintiffs are directed to write the date they received a letter from the SSA's Appeals Council, plaintiff wrote that she received a letter on "8-10-2023." ECF No. 1, ¶ 8. Although the form directs plaintiffs to "attach a copy of the appeals council letter to the back of this complaint," it is unclear which, if any, of plaintiff's attachments are the letter she purports to have received on "8-10-2023," as all attachments are dated in October 2023.

a letter from the SSA dated October 4, 2023 stating that she is entitled to monthly retirement benefits. Id. at 4.[5]

Judge Gonzalez dismissed plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) but granted plaintiff leave to file an amended complaint and directed her to state "what final decision by the SSA Plaintiff is seeking to be reviewed by a federal court." ECF No. 7 at 3-4. On January 19, 2024, plaintiff timely filed her amended complaint using the same form complaint. ECF No. 10. Plaintiff's amended complaint alleges that she "did not receive two retirement social security checks for the month of October 2023 or December 2023." Id. at 1. However, plaintiff does not plainly state whether the SSA rendered a final decision regarding plaintiff's claim. In the form complaint's space for stating the date of the hearing, plaintiff writes both that a hearing was held on February 1, 2024 – almost two weeks *after* the amended complaint was filed – and that "no hearing was held." Plaintiff also states (by filling in the blank) that she received an Appeals Council letter affirming the Administrative Law Judge's decision on December 18, 2023. However, the December 18, 2023 letter attached to plaintiff's amended complaint is from defendant's counsel, requesting plaintiff's consent to a proposed filing schedule in the instant case. Id. at 12-13.

On a separate page, plaintiff further states that she went to the SSA's Boro Hall District Office a few times to ask about her two missing checks. Id. at 10. She states that she "do[es] not know if these checks were taken or stolen," and requests "to make arrangements to pick up my retirement Social Security benefits check, with the Court." Id. She also states that two other checks were "missing in the past." Id. On February 5, 2024, plaintiff filed a document captioned "Amended Complaint Continued." ECF No. 13. The Court construed this as a supplement to plaintiff's amended complaint "as a courtesy on this one occasion" and stated that going forward, if plaintiff

---

[5] The other documents attached to plaintiff's complaint are unrelated to the SSA.

wished to amend her complaint, she must first move for leave to do so. ECF No. 14. In this supplement, plaintiff states that she also did not receive her check for January 2024. ECF No. 13. Plaintiff states that she went to the SSA office three times to seek an Appeals Council letter, but "the Social Security worker said there is no such form." Id.

Plaintiff later filed several other documents labeled as amended complaints. ECF Nos. 18, 21, 30, 57. In these filings, plaintiff raises issues with other missing checks and some checks that plaintiff was unable to cash because they were placed on hold. See, e.g., ECF No. 30. Plaintiff also alleges that a SSA supervisor told plaintiff that she would be taken off Social Security benefits if her checks continued to go missing. Id.[6] Plaintiff also states that the SSA sent her a notice of overpayment arising from checks issued in 2022 and that she requested reconsideration of this overpayment determination. Id. The Court did not accept those filings as amended complaints because plaintiff did not move for leave to amend her complaint, and instead construed them as letters to the Court. ECF Nos. 31, 58.

On April 11, 2024, defendant moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) because (1) the SSA did not make a final decision after a hearing on plaintiff's claims, (2) plaintiff's failure to exhaust her administrative remedies is not excusable, and (3) mandamus relief is not warranted. ECF No. 32. Defendant moved in the alternative for summary judgment and filed a declaration from Andrea Wilder, the SSA's Assistant Regional Commissioner for New York, ECF No. 32-2, and documents from plaintiff's visits to the SSA field office, ECF No. 32-3. Defendant also gave plaintiff notice pursuant to Local Civil Rule 12.1 which allows the Court to convert a motion to dismiss to a motion for summary judgment. ECF No. 32-4.[7] Plaintiff filed an opposition

---

[6] While this does not bear on the Court's analysis of defendant's motion to dismiss, the Court notes that defendant states that "Field Office employees do *not* have authority to discontinue claimants' benefits." ECF No. 32-1 at 9.
[7] As discussed below, the Court need not convert the motion to a motion for summary judgment because plaintiff's amended and supplemental complaint do not, on their face, plausibly allege that plaintiff exhausted her administrative remedies.

4

to defendant's motion stating only that "[a]ll claims are still being sent and received, by me and [SSA], so my case should not be dismissed." ECF No. 44.

The Court, with defendant's help, made diligent efforts to resolve plaintiff's issues regarding her lost or missing checks. First, the Court held conferences on April 23 and May 15, 2024. ECF Nos. 42, 46. Plaintiff was directed to meet with a supervisor at the SSA field office to address her missing checks, ECF No. 46, and was encouraged to withdraw her case if she was able to resolve the missing benefits. ECF No. 54. At the Court's direction, the parties filed several status letters addressing plaintiff's missing checks. Prior to meeting with the SSA on July 16, 2024, plaintiff appointed the Center for Urban Community Services ("CUCS") as her representative payee going forward. ECF No. 56. On August 1, 2024, plaintiff asked the SSA to remove CUCS as her representative payee, id., and the SSA did so. ECF No. 59 at 3 n.4.

Finally, on October 2, 2024, defendant stated that plaintiff had received all benefits she was due that were previously in dispute, describing payment of each month's benefits in detail. Furthermore, with plaintiff's permission, the SSA had enrolled plaintiff in the "Direct Express" program, where plaintiff is provided a pre-paid debit card through which she will receive all her future Social Security retirement benefits. ECF No. 59. Accordingly, as plaintiff has received the funds she is due from the missing checks, the Court directed plaintiff to show good cause why defendants' motion to dismiss should not be granted. ECF No. 60. In response, plaintiff stated that she did not receive the benefits she was due for May 2024, and that she did not know if the full amount of the missing benefits for other months had been given to her. ECF No. 63.

The Court held another conference on December 3, 2024 to discuss any outstanding issues. At the conference, defendant provided plaintiff with records reflecting payment of her May 2024 benefits. ECF No. 70. The Court offered plaintiff a final opportunity to oppose defendant's motion to dismiss. Id. Plaintiff filed a document captioned "Opposition" with a single request: records of

5

payment of her benefits for April 2024, which were initially disbursed in a check dated May 22, 2024. ECF No. 71. Defendant provided plaintiff the requested documents. ECF No. 73.[8]

## DISCUSSION

### I. Standard of Review

A court considering a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). Furthermore, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted). However, the Court need not accept legal conclusions in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Beyond the complaint, the Court may consider documents attached to the complaint, documents incorporated in the complaint by reference, or documents that the complaint "relies heavily upon" and are "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

---

[8] The Court notes that "[i]n a social security action seeking payment of benefits, the actual payment of those benefits generally moots the action." Headen v. Sullivan, No. 91-CV-5817 (KMW), 1992 WL 471168, at *2 (S.D.N.Y. Sept. 8, 1992). The Court is satisfied that plaintiff's missing benefit checks have all been replaced. However, as I recommend that the case should be dismissed based on plaintiff's failure to exhaust administrative remedies, I do not recommend dismissal on mootness grounds.

## II.     Plaintiff Did Not Exhaust Administrative Remedies for her Claims

The SSA, as an agency of the federal government, is shielded by sovereign immunity from suit except as permitted by Congress. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") In the Social Security Act, Congress permitted judicial review of "any final decision of the Commissioner of Social Security made after a hearing," 42 U.S.C. § 405(g), and stated that judicial review of Social Security claims is *only* available under such circumstances. Id. § 405(h); see also Smith v. Berryhill, 587 U.S. 471, 475 (2019).

The Supreme Court has explained that the requirement of a "final decision . . . after a hearing" contains two separate elements: a jurisdictional requirement "that claims be presented to the agency" and a waivable requirement "that the administrative remedies prescribed by the Secretary be exhausted." Id. at 478 (quoting Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). The jurisdictional requirement is "easily satisfied" by presenting the claim at issue to the SSA. Dobson v. Comm'r of Soc. Sec., No. 10-CV-6167 (KPF), 2014 WL 1909363, at *5 (S.D.N.Y. May 12, 2014). The administrative exhaustion requirement has been "left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

Accordingly, "the Commissioner has devised a four-step process by which a claimant must exhaust administrative remedies before proceeding to federal court." Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 6 (2d Cir. 2011) (summary order). In brief, these steps are: (1) the claimant receives an initial determination on their claim; (2) the claimant seeks reconsideration of the initial determination; (3) the claimant requests a hearing before an administrative law judge; and (4) the claimant requests review by the Appeals Council. Id.; see also 20 C.F.R. § 404.900 *et seq*. When a plaintiff fails to comply with the administrative exhaustion requirements, dismissal pursuant to Fed.

R. Civ. P. 12(b)(6) is appropriate. Dunn v. Comm'r of Soc. Sec., 832 F. App'x 62, 64 (2d Cir. 2020) (summary order).[9]

Here, plaintiff claims that she did not receive retirement benefits for certain months because her Social Security checks were lost or stolen. She presented this claim to the SSA by visiting the Boro Hall District Office to ask about her missing checks. ECF No. 10 at 9 (Am. Compl.). Defendant does not contest that this satisfies the jurisdictional requirement. However, plaintiff did not administratively exhaust her claim because the SSA did not make an initial determination on her claim – the first stage of administrative review. SSA regulations define an initial determination as a determination that is "subject to administrative and judicial review." 20 C.F.R. § 404.902. These regulations "provide non-exhaustive lists of agency decisions that are initial determinations and agency decisions that are not initial determinations." Dobson, 2014 WL 1909363, at *7.

While a claim for the replacement of missing funds is not included in either list, the Court in Dobson held that an analogous claim for missing funds was not a claim for which the SSA issues initial determinations. Id. at *9, *12. Dobson alleged "that she did not receive money to which all parties agree she was entitled and which the Commissioner maintains was properly distributed." Id. at *9. Examining the SSA's regulations, the Court reasoned that initial determinations are generally "substantive determinations related to a claimant's eligibility for benefits and how those benefits should be calculated and applied." Id. at *8. Conversely, SSA decisions that are "largely factual and procedural, rendered with little if any guidance from bodies of regulatory, statutory, and decisional law" do not constitute "initial determinations." Id. at *9.[10]

---

[9] Some courts in this Circuit have dismissed social security cases in which the plaintiff failed to exhaust administrative remedies on subject matter jurisdiction grounds. See Dobson, 2014 WL 1909363, at *4; Eichie v. Kuakazi, No. 21-CV-10712 (LJL), 2023 WL 1438327, at *7 (S.D.N.Y. Feb. 1, 2023). However, the Second Circuit has stated that dismissal for lack of subject matter jurisdiction in this context is inappropriate because "the failure to exhaust is a waivable (i.e., non-jurisdictional) requirement under Section 405(g)." Escalera, 457 F. App'x at 5 n.1 (2d Cir. 2011); see also Dunn, 832 F. App'x at 63 (citing Smith, 587 U.S. 471 (2019)).

[10] Of course, "actions insulated from judicial review are not without meaningful effect on claimants." Dobson, 2014 WL 1909363 at *8. Accordingly, the lack of judicial review for such claims does not mean "that beneficiaries claiming nonreceipt of certain payments have no way to vindicate their grievances." Id. at *10. In the instant case, the

Plaintiff's claim, like the claim at issue in Dobson, is "not that the SSA applied its regulations incorrectly or violated the law or infringed on Plaintiff's rights and entitlements, but that a certain amount of money was misplaced on its way from the SSA to Plaintiff." Id. Accordingly, plaintiff's claim did not trigger the administrative review process that could result in judicial review.[11]

Even if plaintiff's claim were considered an "initial determination," it is apparent from plaintiff's amended and supplemental complaints that she did not exhaust her administrative remedies. "Although the form document she submitted contained boilerplate language indicating that she appealed from a 'final decision,' [plaintiff] failed to attach a final decision." Dunn v. Comm'r of Soc. Sec., 832 F. App'x 62, 64 (2d Cir. 2020) (summary order) (affirming dismissal for failure to state a claim on exhaustion grounds). Plaintiff did not receive a final decision and "no hearing was held" on her claim. ECF No. 10, ¶ 7 (Am. Compl.). Plaintiff's complaint states that "[t]he decision of the defendant is to grant me monthly Social Security benefits . . . with retroactive payment." ECF No. 13. However, if this is the "final decision" for which plaintiff seeks judicial review, it is unreviewable because "judicial review over Social Security determinations pursuant to 42 U.S.C § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" Heller v. Comm'r of Soc. Sec., 328 F. App'x 74 (2d Cir. 2009) (quoting Jones v. Califano, 576 F.2d 12, 19 (2d Cir. 1978)).

Plaintiff raises other issues regarding an overpayment determination and missing checks. However, these issues "are not properly part of this action" because they do not appear in the amended or supplemental complaint, and plaintiff did not request leave to further amend her

---

SSA helped plaintiff to file Form 1133s with the Treasury Department to dispute that she cashed certain checks, and the Treasury Department resolved these disputes in her favor. ECF No. 59. Everyone involved has taken Ms. Stephens' case seriously and done what needed to be done to ensure that she received the benefits she is entitled to.

[11] Defendant Commissioner similarly states that the SSA "neither conducts hearings nor makes 'final decision[s]' within the meaning of 42 U.S.C. 405(g)" on claims like plaintiff's; Assistant Regional Commissioner Wilder's declaration states the same. ECF No. 32-1 at 15; ECF No. 32-2, ¶ 2(p). However, the Court need not rely on this declaration to resolve defendant's motion.

complaint despite being offered the opportunity to do so. Headen v. Sullivan, No. 91-CV-5817 (KMW), 1992 WL 471168, at *3 (S.D.N.Y. Sept. 8, 1992). Even if plaintiff had requested leave to amend, none of these subsequent filings raise an inference that plaintiff properly exhausted any of her claims. Although the SSA's overpayment determination constitutes an "initial determination," 20 C.F.R. § 404.902(j), plaintiff only alleges that she requested reconsideration of this determination. ECF No. 30. A request for reconsideration is step two of the four-step process required to exhaust this claim. 20 C.F.R. § 404.900.[12]

### III.  Waiver of the Exhaustion Requirement Is Inappropriate

Claims that have not been administratively exhausted may heard by the Court if the SSA or the Court waives the administrative exhaustion requirement. Smith v. Berryhill, 587 U.S. 471, 478 (2019). Waiver is appropriate "when the following circumstances are present: the challenge is collateral to the demand for benefits, the exhaustion of remedies would be futile, and enforcement of the exhaustion requirement would cause the claimants irreparable injury." State of N.Y. v. Sullivan, 906 F.2d 910, 918 (2d Cir. 1990).

These factors weigh against waiver in the instant case. In Sullivan, plaintiffs' claims were collateral because they were procedural in nature: plaintiffs sought a change in how their disability claims related to heart disease were evaluated. Id. Conversely, demands for back payment of benefits are not collateral. See, e.g., Eichie v. Kuakazi, No. 21-CV-10712 (LJL), 2023 WL 1438327, at *6 (S.D.N.Y. Feb. 1, 2023); Dobson, 2014 WL 1909363 at *12 ("[T]he dispute is about whether Plaintiff will get a sum of money she demands."). Accordingly, plaintiff's claim in the instant case is not collateral to a demand for benefits. Furthermore, exhaustion of administrative remedies would

---

[12] Defendant states that "SSA is working diligently to investigate and resolve the issues that Plaintiff has raised in the Appeal and in the Waiver Request." ECF No. 32-1 at 12. It may be that the overpayment issue will be resolved without further process, as SSA stated that it "will not use the Overpayment Determination to reduce the amount of any checks that Plaintiff is scheduled to receive until after it has issued a final decision adjudicating the Appeal." Id. at 22. If the SSA issues a final decision on the overpayment that is not favorable to plaintiff, she must follow the four-step process to exhaust her administrative remedies before bringing her claim to Court.

not be futile. This is clear both from the SSA's efforts during the pendency of this action and the SSA's published Program Operations Manual System ("POMS"), which sets forth the process for requesting replacement checks. POMS NL 03001.025.B, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0903001025 (last visited February 7, 2025). As for the third factor, loss of retirement benefits may cause irreparable injury – especially where, as here, the benefits are plaintiff's sole source of income. See ECF No. 34-1. However, this factor alone does not warrant waiver. Finally, plaintiff's complaint does not raise any constitutional issues that would warrant judicial review. See Dobson, 2014 WL 1909363 at *12.

More generally, the Court's decision whether to waive exhaustion is "guided by the policies underlying the exhaustion requirement," Bowen v. City of New York, 476 U.S. 467, 484 (1986), such as "preventing premature interference with agency processes, so that the agency may function efficiently." Weinberger v. Salfi, 422 U.S. 749, 765 (1975). Here, the SSA's processes led to the result that plaintiff sought: replacement of her missing retirement benefits and a way to ensure that she receives her benefits going forward. Moreover, the SSA is clearly better situated than the Court to determine whether and how plaintiff's missing funds should be replaced. Accordingly, the Court should not waive the administrative exhaustion requirement in this case.

### IV.     Mandamus Relief Is Not Available

The Mandamus Act, 28 U.S.C. § 1361, provides for judicial review of SSA actions even when 42 U.S.C. § 405(g) would not permit review. City of New York v. Heckler, 742 F.2d 729, 739 (2d Cir. 1984), aff'd sub nom. Bowen, 476 U.S. 467 ("[N]otwithstanding the sweeping language of section 405(h), mandamus jurisdiction is available under circumstances where the writ properly would issue."). The Mandamus Act grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate when

11

following factors are met: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly denied and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972). In the context of SSA actions, "mandamus jurisdiction may be appropriate where a claimant has no other means to compel the SSA to perform a perfunctory statutory duty or to apply its own nondiscretionary regulations and procedures." Porco v. Saul, No. 20-CV-837 (TJM)(TWD), 2021 WL 1131259, at *5 (N.D.N.Y. Feb. 22, 2021), report and recommendation adopted, 2021 WL 1124720 (N.D.N.Y. Mar. 24, 2021).

Here, defendant does not contest that plaintiff has a clear right to receive her retirement benefits. However, she does not have a clear right to the specific relief she seeks: receiving replacement funds for certain months for which she claims her checks were missing. Furthermore, defendant has not "plainly denied" any duty to plaintiff. The SSA did not immediately provide replacement checks to plaintiff when she visited the field office because at the time, it was "still in the process of investigating the issues that Plaintiff has raised." ECF No. 32-1 at 19. Finally, the SSA provides other adequate remedies to address plaintiff's issues, as discussed in Part III and footnote ten above.

## CONCLUSION

The Court wishes plaintiff well and hopes her enrollment in the "Direct Express" program eliminates the problems she experienced receiving her retirement benefits. That being said, plaintiff has not exhausted the administrative remedies for her claims. Furthermore, neither waiver of the exhaustion requirement nor mandamus relief is appropriate in this case. Accordingly, it is respectfully recommended that defendant's motion to dismiss this case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim should be granted. It is unnecessary to consider defendant's alternative motion for summary judgment, nor any filings beyond plaintiff's amended and

supplemental complaint. Finally, as plaintiff has amended her complaint, the Court should not grant plaintiff further leave to amend. See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

### FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Hum. Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: February 7, 2025
      Brooklyn, New York